IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISON

TERRANCE TURNER,                )
                                )
    Petitioner,                 )    CASE NO. 3:07-0348
                                )    JUDGE HAYNES
v.                              )
                                )
RICKY BELL, Warden,             )
                                )
    Respondent.                 )

## MEMORANDUM

Petitioner, Terrance Turner, filed this pro se action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to challenge his state convictions for especially aggravated kidnapping and attempted second degree murder. After review of the pro se petition, the Court entered an Order directing Petitioner to show cause, why the petition should not be dismissed as untimely and appointed the Federal Public Defender to represent Petitioner. (Docket Entry No. 6). On July 13, 2007, the Court granted Petitioner's motion to stay this action and administratively closed this action pending his exhaustion of state remedies. (Docket Entry No. 9). On June 9, 2010, Petitioner moved to reopen this action the Court granted the motion to reopen the case. (Docket Entry No. 12). Petitioner also filed his response to the Court's earlier show cause order on the timeliness of this action. (Docket Entry No. 11).

Before the Court is the Respondent's motion to dismiss (Docket Entry No. 15) contending this action is untimely and Petitioner's motion for summary judgment (Docket Entry No. 17) contending that the facts demonstrate that his sentence violates Apprendi v. New Jersey, 530 U.S. 446 (2006).

1

## A. Procedural History

In September 1998, a jury convicted Petitioner of especially aggravated kidnapping and two counts of attempted second degree murder for which the court sentenced him to twenty (20) years on kidnapping and eight (8) years on each of the murder convictions, with sentences to run consecutively, for an effective twenty-eight (28) year sentence. State v. Turner, 41 S.W. 3d 663 (Tenn. Ct. Crim. App. 2000) (app. denied Dec. 11, 2000). On direct appeal, the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction and sentence. Id. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on December 11, 2000. Petitioner did not seek file a petition for the writ of certiorari in the United States Supreme Court. Thus, Petitioner's conviction became final on March 11, 2001.

On December 14, 2001, Petitioner filed a state petition for post-conviction relief (Docket Entry No. 1) that after an evidentiary hearing, the state trial court denied. On appeal, the Tennessee Court of Criminal Appeals affirmed and the Tennessee Supreme Court denied permission to appeal on August 30, 2004. Turner v. States, No. M2002-02429-CCA-R3-PC, 2004 WL 587636 (Tenn. Ct. Crim. App. 2004) (app. denied Aug. 30, 2004).

On March 9, 2006, Petitioner filed a state petition for writ of habeas corpus that the trial court dismissed and on appeal, Tennessee Court of Criminal Appeals affirmed with the Tennessee Supreme Court denying permission to appeal on March 5, 2007. Turner v. Bell, No. M2006-01288-CCA-R3-HC, 2006 WL 3498088 (Tenn. Ct. Crim. App. Nov. 21, 2006) (app. denied March 5, 2007).

On September 24, 2007, Petitioner moved to reopen his state post-conviction petition asserting claims under Blakely v. Washington, 542 U.S. 296 (2004) that the state trial denied. The Tennessee Court of Criminal Appeals affirmed and the Tennessee Supreme Court denied

2

permission to appeal on November 14, 2008. Turner v. States, No. M2007-02348-CCA-R28-PC (Tenn. Ct. Crim. App. Nov. 14, 2007) (app. denied March 3, 2008).

Petitioner filed this action March 12, 2007, the date on which his petition is stamped as delivered to the prison mailroom (Docket Entry No. 6), but as stated earlier, this action was closed for exhaustion of all State remedies.

## B. Conclusions of Law

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified in 28 U.S.C. § 2244(D)(1), provides, in pertinent part, a one-year statute of limitations for § 2254 habeas corpus petitions, commencing from "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner's state court judgments "became final" under 28 U.S.C. § 2244(d)(1)(A) on March 11, 2001 that includes 90 days after for considering a petition for a writ of certiorari in the United States Supreme Court. Under § 2244(d)(1)(A), therefore, Petitioner was required to file his § 2254 federal habeas petition within one year from that date, or by March 11, 2002, rendering his March 12, 2007 filing untimely.

To be sure, the one-year limitation period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, after the passage of 278 days of the federal habeas limitation period, the Petitioner filed his first state post-conviction proceeding on December 14, 2001. That action tolled the federal habeas limitation period. On August 30, 2004, the Tennessee Supreme Court denied discretionary review of that state post-conviction proceeding and the federal habeas limitations period commenced with the remaining 87 days expiring on November 25, 2004. Petitioner filed this action more than two years later on March

3

12, 2007. Petitioner's subsequent state action does not impact the federal habeas limitation once that period his expired. See Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

To be sure, the one-year limitations period for 2254 actions is subject to the equitable tolling doctrine, Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001), but Petitioner bears the burden to establish equitable tolling, Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) that is "sparingly" applied. Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006). For equitable tolling, Petitioner must prove: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Holland, 2010 WL 2346549 at *12 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner relies upon State v. Gomez, 163 S.W. 3d 632, 649 (Tenn. 2005), *vacated and remanded for reconsideration,* Gomez v. Tennessee, 127 S. Ct. 856 (2007) *reversed on other grounds* State v. Gomez, 239 S.W. 3d 733 (Tenn. 2007) ("Gomez II") as creating a new date for his federal habeas claim because under 28 U.S.C. § 2244(d)(1)(D) the timeliness of a habeas petition can begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to collateral review."

Petitioner argues that in February 2007, the United States Supreme Court vacated and remanded Gomez, citing Apprendi. Yet, the Tennessee Supreme Court found Apprendi inapplicable to Tennessee's sentencing scheme. Gomez II, 239 S.W. 3d at 740. Moreover, Petitioner's 20-year sentence for especially aggravated kidnapping is the presumptive minimum sentence and thus, his sentence does not violative of Apprendi. See Oregon v. Ice, 129 S. Ct. 711 (2009). In any event, the actual basis for any tolling, statutory or equitable, is not Gomez, but Apprendi. The Sixth Circuit has held that the constitutional rule stated in Apprendi is not

retroactive and thus, is unavailable on collateral review, where, as here, the Petitioner was sentenced before Apprendi. In re Clemmons, 259 F.3d 489, 493 (6th Cir. 2001). Petitioner was sentenced before Apprendi. Thus, neither Gomez II nor Apprendi justify equitable tolling for Petitioner's claim. For these reasons, the Court concludes that Respondent's motion to dismiss (Docket Entry No. 15) should not be granted and the Petitioner's motion for summary judgment should be denied.

An appropriate Order is filed herewith.

ENTERED this the 13th day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge